IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EMILY W., individually, and as parent and next friend of H.C., her minor, son, | * * * * |
| Plaintiff, | * * |
| v. | * * |
| Houston County Board of Education, | * * |
| Defendant. | * * * |

_____

Emily W., the plaintiff, files this complaint for attorneys' fee pursuant to the Individuals with Disabilities Education Act ("IDEA"), which is codified at 20 U.S.C. §§ 1400 to 1415.

**Parties**

1. Plaintiff Emily W. is an Alabama citizen over the age of 19 and is the mother, custodial parent, and next friend of H.C., a minor.

2. H.C. is a minor, who, at all times relative to the incidents forming the basis of this lawsuit, was a student in the Houston County School District.

3. Defendant Houston County Board of Education ("HCBOE") is a state governmental entity that bears exclusive responsibility for the operation, management, and control of the Houston County School District ("the District").

## Jurisdiction and Venue

4. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in the U.S. District Court for the Middle District of Alabama because the defendant resides in this district and it is the district in which the acts, omissions, and events occurred that form the basis of this lawsuit.

5. Pursuant to 28 U.S.C. §§ 1331 and 20 U.S.C. § 1415(i)(3)(A), (B), and (C), this Court possesses original jurisdiction over the plaintiffs' claims for their attorneys' fees under the IDEA.

6. The plaintiff, who was the petitioner in *H.C. v. Houston County Board of Education*, Ala. Dept. of Educ. (2022-149-Romine), a special-education due-process proceeding, was the prevailing party in that matter.

7. Emily W.'s claim is one for attorneys' fees and costs pursuant to § 1415(i)(3)(B) of the IDEA.

8. The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable

attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415 (i)(3)(B).

9. A parent may bring an independent claim for attorneys' fees in a district court after her child prevails in a state administrative hearing. *Matthew V. ex rel. Craig V. v. DeKalb Cnty. Sch. Sys.*, 244 F. Supp. 2d 1331, 1335 (N.D. Ga. 2003); *see also Robert v. Cobb Cnty. Sch. Dist.*, 279 F. App'x 798, 800 (11th Cir. 2008).

10. Emily W. and H.C. had a dispute that was litigated against the HCBOE in a special-education due-process action.

11. Attorney Caroline C. Pennington, her firm Caroline Pennington Law L.L.C., attorney William T. "Bo" Johnson III, and his firm Bo Johnson Law L.L.C. represented Emily W. and H.C. in H.C.'s special-education due-process action.

12. Emily W. and the HCBOE settled their dispute.

13. The settlement terms were put into a written settlement agreement.

14. The parties signed the written settlement agreement.

15. Attorney Wesley Romine acted as the impartial hearing officer (IHO) in the case.

16. When the parties signed the settlement agreement, IHO Romine incorporated the signed settlement agreement into a final order and judgment, which are attached as Exhibit 1. The final order says:

> A due process hearing request was made by counsel for the Petitioner on October 21, 2022. The undersigned was appointed by the Superintendent of the State Department of Education as independent and impartial hearing officer. The parties reached a full and final settlement of this matter, which settlement is attached hereto as Exhibit A. Upon consideration of the same, it is, therefore,
>
> CONSIDERED AND ORDERED BY THIS HEARING OFFICER that the Agreement between the parties filed in this cause. attached hereto and marked Exhibit A is hereby ratified and approved by this Hearing Officer and made a part of this Order the same as a fully set out herein.
>
> This settlement is judicially enforceable.

Exhibit A, *Order* and *Settlement Agreement.*

17. Because IHO Romine incorporated the parties' settlement agreement into a written final order, Emily W. became the prevailing party.

18. Emily W. is the prevailing party because when a student's parent and a school district who are adversaries in an IDEA due-process case conclude the due-process proceeding with a settlement agreement and the presiding IHO incorporates the terms of that settlement agreement into his final order of dismissal, the IHO's final order "provides the judicial imprimatur necessary to confer prevailing party status" on the student's

parent. *S.C. v. Huntsville City Schools*, 2020 WL 868524 *1, *11 (N.D. Ala. Feb. 20, 2020)(*citing Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002)) and IDEA cases where the IHO's order of dismissal incorporated the terms of the parties' settlement agreement).

19. Emily W. may prevail "through court adjudication of the merits" of her son's case or "through a settlement agreement enforced by court order, so long as the agreement 'change[s] the legal relationship between [the plaintiff] and the defendant.'" *S.C.*, 2020 WL 868524 at *10-11 (*citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)(*quoting*, in turn, *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

20. As the prevailing party in her son's due-process action, the IDEA entitles Emily W. to her attorneys' fees.

21. This Court's discretion to allow or deny fees is circumscribed by the requirement that fees be granted "absent special circumstances," as to which the District bears the burden of proof. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980).

22. There are no special circumstances in this case.

23. Based on the hours spent on the two due-process matters, the hourly rates appropriate to the attorneys, and the applications of the

standards set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), Emily W. requests:

   A.   an award of $13,800.00 for work performed by attorney Caroline C. Pennington in the matter of *H.C. v. Houston County Board of Education*, Ala. Dept. of Educ. (2022-161);

   B.   an award of $5,160.00 for work performed by attorney William Tipton Johnson III in the matter of *H.C. v. Houston County Board of Education*, Ala. Dept. of Educ. (2022-161);

   C.   an award of costs and reasonable attorneys' fees for the time Mr. Johnson and Ms. Pennington will spend in the instant lawsuit to obtain attorneys' fees for the legal services performed in H.C.'s underlying special-education due-process matter.

## Prayer for Relief

24.   Based on the foregoing, Emily W. asks the Court for the following relief:

   A.   for the Court assume jurisdiction of all of her claims;

   B.   for the Court to enter judgment against the HCBOE;

   C.   for the Court to award attorneys' fees and costs to Emily W. and against HCBOE for the work her attorneys performed in H.C.'s due-process case;

D.    for the Court to award attorneys' fees and costs to Emily W. and against the HCBOE for the work her attorneys will do in the instant case to obtain attorneys' fees from H.C.'s underlying due-process case; and

E.    as justice dictates, for the Court to grant any other relief deemed necessary or appropriate by the Court.

> Respectfully submitted,
>
> /s/ Bo Johnson
>
> _____
> William T. "Bo" Johnson III (ASB2310M69J)
> Counsel for the Plaintiff
> Bo Johnson Law L.L.C.
> P.O. Box 361847
> (1809 Riverchase Drive, Box/Unit 361847)
> Hoover, AL 35236
> Phone: (205) 706-4431
> bojohnsonlaw@gmail.com

**Defendant HCBOE should be served by certified mail at the following address:**

Superintendent Brandy White
Houston County Board of Education
404 West Washington Street
Dothan, AL 36301